**WANV, INC., Plaintiff,**

v.

**AUGUSTA COUNTY BROADCASTING CORPORATION, Defendant.**

**Civ. A. No. 75–0106.**

United States District Court,
W. D. Virginia.

April 7, 1976.

Humes J. Franklin, Jr., Franklin & Franklin, Waynesboro, Va., for plaintiff.

Phillip C. Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., T. C. Elder, Elder & Elder, Staunton, Va., for defendants.

DALTON, District Judge.

This is an action brought by WANV Radio Station located in Waynesboro, Virginia against the owner and operator of a nearby Radio Station, WTON. The defendant has filed a motion to dismiss pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction and Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The sole question to be decided by this court is whether the plaintiff's cause of action "arises under" an Act of Congress which "regulates commerce or protects trade and commerce against restraints and monopolies". 28 U.S.C. § 1337.

Plaintiff's complaint alleges that this action arises under 28 U.S.C. § 1337 and 47 U.S.C. § 151, *et seq.,* specifically § 315. The former statute confers jurisdiction on District Courts for cases that arise under the laws of Congress concerning commerce and Anti-Trust regulations. The latter statute requires a licensed radio communicator to afford equal broadcasting opportunities for all qualified candidates for any public office and forbids the communicator from charging a candidate at disproportionately higher advertising rates than those rates for other nonpolitical purposes.

Plaintiff's complaint recites that a letter dated October 15, 1974, signed by the Commercial Manager of Station WTON was placed in WTON's "1974 political file" and made available for public inspection. This political file was maintained as required under a regulation promulgated by the Federal Communications Commission pursuant to 47 U.S.C. § 315(c). The regulation required WTON to keep a file relating to the station's disposition of requests for political broadcast time which would be open for public inspection.

Plaintiff maintains that the statements made in the letter of October 15, 1974, when compared with statements made in plaintiff's own public inspection file, amount to an accusation that plaintiff violated 47 U.S.C. § 315(b) by charging advertising rates greater than a broadcasting station may charge a legally qualified candidate for public office. Accordingly, plaintiff seeks damages as a result of defendant's alleged libelous statements under common law and under § 8–630 of the Code of Virginia.

The defendant asserts that plaintiff's cause of action is one essentially grounded in tort which ought not to be litigated in the federal court. Plaintiff's reply to this is that this suit will involve interpretation of 47 U.S.C. § 151, *et seq.,* to determine whether the statement of October 15, 1974 does in fact accuse the plaintiff of violating the law. To prove this would be a necessary element of an award for libel plaintiff alleges.

The meaning of the words "arising under" in "federal question" jurisdiction stat-

utes has for years been a subject of hot debate among scholars. See Wright, *Law of Federal Courts* 54–59 (2d Ed.1970). The statute at issue here is of course not the familiar "federal question" on which commentators debate, but a narrower "federal question" statute for commerce and antitrust regulations, 28 U.S.C. § 1337. However it is generally assumed that the phrase "arising under" in § 1337 is to be given the same breadth and limit as the synonymous phrase of § 1331 governing general federal question jurisdiction. *Frenkel v. Western Union Telegraph Company,* 327 F.Supp. 954 (D.Md.1971).

While historically and constitutionally the words "arising under" have been interpreted as a mere requirement that the federal law in question be an ingredient of the claim, *Osborn v. Bank of the United States,* 9 Wheat. 738, 6 L.Ed. 204 (U.S.1824), statutorily this view is now not accepted. Judicial scholars have authored many different statements of their views about statutory requirements. See *American Well Works Co. v. Layne and Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916), *Shulthis v. McDougal,* 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912). One of the more comprehensive opinions was set out by Justice Cardoza in *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). There Justice Cardoza found that for a case to "arise under" federal law, a right or immunity created by the federal law in question, must be an essential element of the plaintiff's cause of action. Furthermore this right or immunity must be such that it will be supported by the federal law if it is given one construction or effect and defeated if it receives another. He further found that a genuine and present controversy, not merely a possible or conjectural one must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer, by the petition for removal, or by allegations in the complaint itself which go beyond a statement of the plaintiff's cause of action and anticipate or reply to a probable defense.

In considering then, whether federal question jurisdiction under § 1337 is present one must first look to the face of the complaint itself. In the case at hand, the complaint does recite that an essential element of a libel award, would be to establish that the plaintiff is indeed being accused of violating 47 U.S.C. § 315(b). However contrary to plaintiff's assertion, it does not appear that this court will be called upon to construe the meaning of 47 U.S.C. § 315(b). Certainly this lawsuit does not hinge on the construction of this statute.

What it may hinge on though, is how the letter of October 15, 1974 is construed. Essentially then this lawsuit is a libel action which will involve the determination of whether the letter of October 15, 1974 amounts to a defamatory accusation that the plaintiff has violated federal law. The mere fact that a federal law is in the background in this lawsuit does not establish jurisdiction. *Russo v. Kirby,* 453 F.2d 548 (2d Cir. 1971). It is a suit where the right of action and the remedy created are both grounded in state common and statutory law.

It if of course true that sometimes cases whose rights and remedies are state-created can "arise under" federal law, *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), but this is only when an important question of federal law is an essential element of the case. When an individual is accused of violating federal law and seeks libel damages for such an accusation, this does not throw the federal law into question. Furthermore to allow every such individual to bring claims of this sort in a federal court would grossly abuse the principle of federal question jurisdiction which forbids federal courts to adjudicate lawsuits involving issues of state law only.

In the present case, it is a "given" that federal law forbids a radio station licensee from charging political advertisers at a greater rate than non-political advertisers. Therefore, the main issue at hand is whether the language in the alleged defamatory letter does in fact amount to an accusation

that WANV is doing what is forbidden by federal law. Plaintiff's cause of action will not be supported or defeated according to how the federal law is interpreted, since it is a "given." In mathematical parlance, the "variables" in this lawsuit are state law issues, but the "constant" is a federal law issue.

This being so, the court is of the opinion that this lawsuit does not "arise under" federal law and must be dismissed. Since the proper motion for the shortcoming in plaintiff's complaint is a motion for lack of subject matter jurisdiction, this court herein grants defendant's motion pursuant to Federal Rule 12(b)(1) of Civil Procedure and orders this action dismissed, without prejudice.