Stephen BOREK, Plaintiff,

v.

WEINREB MANAGEMENT, Jacob Weinreb, and Leon Weinreb, Defendants.

No. 95 Civ. 9105 (JGK).

United States District Court, S.D. New York.

July 24, 1996.

Janusz W. Andrzejewski, New York City, for Plaintiff.

Morris Tuchman, Law Offices of Morris Tuchman, New York City, for Defendants.

## OPINION AND ORDER

KOELTL, District Judge.

In this action, the plaintiff seeks a declaratory judgment voiding a document he signed releasing the defendants from all liability for terminating his employment without cause. The action originated in New York state court, but the defendant removed it to this Court pursuant to 28 U.S.C. § 1441. The plaintiff moves for an order remanding this action to the New York State Supreme Court pursuant to 28 U.S.C. §§ 1441(c) and 1447(c). The plaintiff contends that the Court lacks subject matter jurisdiction over this action because it does not involve a claim or right arising under the Constitution, treaties, or laws of the United States. The defendant opposes the plaintiff's motion to remand on the grounds that the plaintiff's claim requires the interpretation of the terms of a collective bargaining agreement and is thus preempted federal labor law. For the reasons that follow, the plaintiff's motion is granted.

## I.

The plaintiff Stephen Borek was hired by defendant Weinreb Management on or about August 16, 1984 as a porter. (Compl. ¶ 1.) Weinreb Management is a company with its principal place of business in New York City. (Compl. ¶ 2.) Defendant Leon Weinreb is president of Weinreb Management, and defendant Jacob Weinreb is vice president. (Compl. ¶¶ 3, 4.)

Borek's position at Weinreb Management was covered by the union contract between Realty Advisory Board on Labor Relations Inc. and Local 32B–32J Service Employees International Union, AFL–CIO. (Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand, Exh. A ("Union Contract").) Among other things, the Union Contract regulates the hours of shifts and the laborers' duties. In addition, the Union Contract provides that "[a]ny employee who is discharged shall be furnished a written statement of reason(s) for such discharge no later than five (5) working days after the date of discharge. If any employee ... is unjustly discharged, he shall be reinstated without loss of seniority or rank and without salary reduction." (Exh. A. at 11.) The Union Contract provides that "[a] Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement." (Exh. A at 13.)

On or about October 1, 1995, Leo Weinreb approached Borek and asked him to work a longer shift of hours. (Compl. ¶ 9.) Borek did not consent to this proposal. (Compl. ¶ 9.) On or about October 11, 1994, Leo Weinreb approached Borek and advised him that he was fired because the company lacked work. (Coml. ¶ 10.) Pursuant to Leo Weinreb's instructions, Borek went to Jacob Weinreb's office on October 17, 1994. (Compl. ¶ 10.) Jacob Weinreb, who speaks Polish, the plaintiff's native language, told the plaintiff in Polish that the only reason he was being terminated was the lack of work, and that as soon as the business got better, the company would rehire him. (Compl. ¶ 10.)

Subsequently, Jacob Weinreb told Borek that the company did not want him looking for any other work and gave him a document written in English to sign. (Compl. ¶¶ 11, 12.) Jacob Weinreb told Borek that the document was an agreement that Borek would not look for another job. (Compl. ¶¶ 11, 13.) Borek, who does not know how to read English, relied on this representation and signed the document. (Compl. ¶ 12.) When Borek later sought the help of his union, he learned that the document he signed actually was an agreement to release the defendants from any liability for terminating him without cause. (Compl. ¶ 15.) The plaintiff has not demanded arbitration to resolve his claims that he was fired without cause and that the release was obtained through misrepresentation.

This action was commenced on October 2, 1995 in the Supreme Court of the State of New York, New York County. The complaint contained three causes of action: (1) a request for a declaratory judgment that the release the plaintiff signed was null and void; (2) a claim for misrepresentation against Jacob Weinreb; and (3) a claim for wrongful discharge of the plaintiff from Weinreb Management.

On October 24, 1995, the defendants removed the action from the Supreme Court to this Court. The defendants asserted that this Court had original and removal jurisdiction over the subject matter of this action because it involved the application of the National Labor Relations Act and the Labor Management Relations Act, both federal statutes. After the defendants removed this action, the plaintiff amended his complaint withdrawing without prejudice his claims for wrongful discharge and misrepresentation. Therefore, the only remaining cause of action is the plaintiff's claim under the declaratory judgment statute, C.P.L.R. §§ 3001 and 3017(b), for judgment declaring that the release is invalid under New York law concerning misrepresentations. The plaintiff states that if the release he signed is set aside, he will arbitrate his contractual discharge claim with the Union.

## II.

Two sections of the federal removal statute authorize district courts to remand cases to state court after removal. Under 28 U.S.C. § 1447(c), a district court is required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Under 28 U.S.C. § 1441(c), a court may remand any action that is independently nonremovable and separate and independent of the claim providing the basis for removal of the case. Under either provision, the issue on this motion is whether the plaintiff's claim seeking judgment declaring that the release is invalid—which is the only remaining claim in the case—is a state or federal claim. The plaintiff contends that this case should be remanded to state court because the action contains only a state-law cause of action for judgment declaring that the release is invalid. The defendants argue that even though the plaintiff has pleaded this declaratory judgment claim under state law, the claim is completely preempted by federal labor law and thereby "arises under" federal law for the purposes of federal question jurisdiction.

■■ The existence of federal question subject matter jurisdiction under 28 U.S.C. § 1331 is generally determined by the "well-pleaded complaint rule." *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 8 (2d Cir. 1992). The well-pleaded complaint rule requires the Court to consider "'what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Franchise Tax Bd.*, 463 U.S. at 10, 103 S.Ct. at 2846 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)). In other words, a right deriving from the Constitution or federal law must be an essential element of the plaintiff's cause of action. *Id.* at 10–11, 103 S.Ct. at 2846–47. Accordingly, "the determination of whether an action arises under the laws of the United States is made by examining the claims in the complaint rather than the pleaded facts underlying them," even if it would be possible to plead a federal claim based on those facts. *Box Tree So., Ltd. v. Bitterman*, 873 F.Supp. 833, 837 (S.D.N.Y.1995) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987)).

■■ An "independent corollary" of the well-pleaded complaint rule is the complete preemption doctrine. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. This doctrine provides that "if Congress completely preempts an area of state law, any 'complaint raising this select group of claims is necessarily federal in character.'" *Dunham–Bush*, 959 F.2d at 8 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987); *see also Caterpillar*, 482 U.S. at 393,

107 S.Ct. at 2430; *Franchise Tax Bd.*, 463 U.S. at 23–24, 103 S.Ct. at 2853–54; *Box Tree*, 873 F.Supp. at 838. When a plaintiff brings a state-law claim that is completely preempted by federal law, the state-law claim must be recharacterized as a federal claim, and is considered to arise under federal law for jurisdictional purposes. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430; *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1915–16, 85 L.Ed.2d 206 (1985); *Franchise Tax Bd.*, 463 U.S. at 23–24, 103 S.Ct. at 2853–54.

■ The defendants argue that the plaintiff's claim for declaratory relief is preempted by federal labor law. Section 301(a) of the Labor Management Relations Act provides in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties.

29 U.S.C. § 185(a). Section 301 preempts not only claims alleging that a party has violated a provision of the collective bargaining agreement but also those state-law actions that require interpretation or substantial analysis of the terms of a collective bargaining agreement. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, ——– ——, 114 S.Ct. 2239, 2247–48, 129 L.Ed.2d 203 (1994); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988); *Caterpillar*, 482 U.S. at 394, 107 S.Ct. at 2430–31; *International Bhd. of Elec. Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 857–59, 107 S.Ct. 2161, 2165–67, 95 L.Ed.2d 791 (1987); *Allis–Chalmers*, 471 U.S. at 210–11, 105 S.Ct. at 1910–11; *Dougherty v. American Telephone & Telegraph Co.*, 902 F.2d 201, 203 (2d Cir.1990); *Box Tree*, 873 F.Supp. 833, 840 (S.D.N.Y.1995) ("The force of § 301's complete preemption ... arises only when a claim requires a collective bargaining agreement to be interpreted or otherwise implicates one."). The purpose behind this rule is to promote uniformity and predictability in the interpretation of collective bargaining agreements. *Lingle*, 486

U.S. at 411, 108 S.Ct. at 1884; *Allis–Chalmers*, 471 U.S. at 211, 105 S.Ct. at 1911.

■ State-law claims that exist independently of a collective bargaining agreement, however, are not preempted by federal law. *Allis–Chalmers*, 471 U.S. at 211–12, 105 S.Ct. at 1911–12; *Dougherty*, 902 F.2d at 203–04. " 'Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of the federal labor law.' " *Norris*, 512 U.S. at ——, 114 S.Ct. at 2248 (quoting *Allis–Chalmers*, 471 U.S. at 211–12, 105 S.Ct. at 1911–12); *see also Dougherty*, 902 F.2d at 203. A state-law claim is independent of collective bargaining agreement for preemption purposes if the state-law claim can be resolved without interpreting the agreement itself. *Lingle*, 486 U.S. at 409–11, 108 S.Ct. at 1883–84; *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir.1996). As the Supreme Court stated in *Lingle*, "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle*, 486 U.S. at 409–10, 108 S.Ct. at 1883.

■ The plaintiff's declaratory judgment action is not preempted by federal labor law because it does not implicate a collective bargaining agreement. Borek claims that the release is null and void because the defendants obtained this release by making misrepresentations concerning its contents. The merits of this allegation can be determined without considering whether Borek was discharged without cause in violation of the Union Contract and indeed without reference to any provision of the Union Contract. *See Lingle*, 486 U.S. 399, 108 S.Ct. 1877 (plaintiff's state-law tort claim for retaliatory discharge not preempted because claim did not require interpretation of collective bargaining agreement); *Caterpillar*, 482 U.S. 386, 107 S.Ct. 2425 (complaint asserting breach of individual employment contracts was not completely preempted by federal

law); *cf. Peerless Importers, Inc. v. Wine, Liquor & Distillery Workers Union Local One,* 903 F.2d 924, 929–30 (2d Cir.1990) (holding that action for judgment declaring the validity of release may be determined without reference to the lawfulness of the discharge under the collective bargaining agreement). Although the release could serve as a defense in an action challenging the lawfulness of the discharge, such an action is not before the Court. In addition, the fact that the plaintiff could have brought suit under section 301 challenging the lawfulness of his discharge, a suit that would have most likely involved determining the validity of the release, does not indicate that the plaintiff's declaratory judgment claim is preempted. As the "master of the complaint," the plaintiff has the right to chose to bring state-law claims rather than claims based on federal law. *See Caterpillar,* 482 U.S. at 394, 107 S.Ct. at 2430–31.

Because the only remaining claim in this action does not arise under federal law, this Court lacks federal question jurisdiction over the complaint. Accordingly, the plaintiff's motion pursuant to 28 U.S.C. §§ 1441(c) and 1447(c) to remand this case to New York State Supreme Court is granted.

## CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. This case is therefore remanded pursuant to 28 U.S.C. §§ 1441(c) and 1447(c) to the New York State Supreme Court, New York County.

**SO ORDERED.**