Carmel N. DONOVAN, Erich Eiden-
schenk, David Follett, and Estate of
Frank M. Purnell, Individually and as
Shareholders of LH Radiologists,
P.C., Plaintiffs,

v.

Lewis ROTHMAN, Stephen Scharf, R.S.
Billing Systems, Inc., Lenox Hill Hos-
pital, and LH Radiologists, P.C., De-
fendants.

No. 99 CIV. 11197 (SHS).

United States District Court,
S.D. New York.

July 18, 2000.

*OPINION & ORDER*

STEIN, District Judge.

Four shareholders of LH Radiologists,
P.C. brought this shareholders' derivative
action in New York Supreme Court

against defendants Lewis Rothman, Stephen Scharf, R.S. Billing Systems, Inc., Lenox Hill Hospital (the "Hospital"), and LH Radiologists, P.C. The amended complaint set forth seven causes of action, including allegations that Rothman breached his fiduciary duty as President of LH Radiologists by entering into a fee arrangement with the Hospital that violated the federal Medicare anti-kickback statute, 42 U.S.C. § 1320a–7b(b).

The Hospital subsequently removed this action to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds that the application of the anti-kickback statute presents a substantial federal question. Plaintiffs have now moved to remand this action to New York Supreme Court pursuant to 28 U.S.C. § 1447(c) on the grounds that no substantial federal question has been presented. Because the complaint does not present a substantial federal question, plaintiffs' motion to remand this action is granted.

### BACKGROUND

According to the amended complaint, plaintiffs as well as two of the defendants—Lewis Rothman and Stephen Scharf—were radiologists on the staff of Lenox Hill Hospital in the early 1980s. *See* Am. Compl. ¶¶ 13–14. Those individuals ultimately incorporated LH Radiologists, P.C. as a separate professional corporation through which they provided radiological services pursuant to a fee-for-service arrangement with the Hospital. *See id.* ¶¶ 16, 26, 28. Each of the radiologists was a shareholder. *See id.* Rothman was director of the Department of Radiology at the Hospital as well as President of LH Radiologists. *See id.* ¶¶ 28–29.

Specifically, in December 1987, Rothman, acting on behalf of LH Radiologists, entered into a "Fee For Service Agreement" as well as a separate "Supplemental Agreement" with the Hospital, whereby LH Radiologists would bill patients directly and then forward a portion of the proceeds to the Hospital in accordance with the following terms:

> It is hereby agreed that [LH Radiologists'] net annual collections in excess of an amount equal to its actual, usual, ordinary and necessary expenses of operation ... shall be distributed as follows: 66–2/3% to [LH Radiologists]; 25% to a department of Radiology Fund ("the Fund") to be utilized for capital improvements, equipment, and other expenditures for the Department ...; and 8–1/3% to the Hospital for its general purposes. Said amounts shall be estimated and payable quarterly, with adjustments at the end of each annual term.

*Id.* ¶ 30 (quoting Supplemental Agreement ¶ 1). Pursuant to this provision, LH Radiologists paid or credited the Hospital approximately $3.75 million through October 31, 1998. *See id.* ¶ 32.

In 1988, Rothman allegedly caused a certificate to issue to himself for all shares of LH Radiologists, thus purporting to make himself the sole shareholder of the corporation. *See id.* ¶ 34. Subsequently, according to the complaint, Rothman operated LH Radiologists as a sole proprietorship, unilaterally fixed salaries, and engaged in other illegal, improper, and self-dealing transactions, including the transfer of the corporation's billing services business to R.S. Billing Systems, Inc., a separate entity wholly owned by Rothman and Scharf. *See id.* ¶¶ 35, 42–44, 53–55.

When Rothman refused a request by Donovan and Purnell to inspect the books and records of LH Radiologists, they brought a special proceeding in New York Supreme Court to compel inspection pursuant to N.Y. Business Corporation Law § 624 and New York common law. *See id.* ¶¶ 36–37. The New York Court of Appeals ultimately affirmed the lower courts' conclusion that plaintiffs were in fact shareholders of LH Radiologists. *See In Matter of Estate of Purnell v. LH Radiologists, P.C.,* 90 N.Y.2d 524, 530–32, 686 N.E.2d 1332, 1335–36, 664 N.Y.S.2d 238,

241–42 (1997), *aff'g* 228 A.D.2d 360, 361–62, 644 N.Y.S.2d 274, 274–75 (1st Dep't 1996).

In 1996, plaintiffs brought this shareholder derivative action in New York Supreme Court alleging breach of fiduciary duty by Rothman and Scharf and naming LH Radiologists as a nominal defendant. Extended motion practice followed. *See Donovan v. Rothman,* 256 A.D.2d 184, 184–85, 683 N.Y.S.2d 25, 26 (1st Dep't 1998); *Donovan v. Rothman,* 253 A.D.2d 627, 629–30, 677 N.Y.S.2d 327, 329–30 (1st Dep't 1998).

In late September 1999, Justice Shainswit of New York Supreme Court granted plaintiffs' motion to add the Hospital as a defendant to the claim seeking recovery for breach of fiduciary duty on the grounds that payments made to the Hospital pursuant to the fee-for-services agreement amounted to illegal kickbacks in violation of 42 U.S.C. § 1320a–7b(b).[1] In granting the motion, the Supreme Court reasoned that "[t]he proposed claim against the Hospital seeks recovery of those same funds"; that "[t]he issues as to both claims are largely the same"; and that a separate action against the Hospital would prove unduly wasteful. *Donovan v. Rothman,* No. 105335/96–010 & 011, slip. op. at 2–3 (N.Y.Sup.Ct. Sept. 29, 1999); Aff. of Joseph H. Einstein, dated Nov. 17, 1999, Ex. B.

The Hospital then removed the entire derivative action to the Southern District of New York pursuant to 28 U.S.C. § 1441(a) on the grounds that the allegations against the Hospital turn on the application of the federal anti-kickback statute and therefore present a substantial federal question. As noted above, plaintiffs have now moved to remand the action to New York Supreme Court pursuant to 28 U.S.C. § 1447(c) on the grounds that no substantial federal question has been presented.

**DISCUSSION**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to Section 1447(c), however, "[i]f it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983).

■ Because the parties to this action are not of diverse citizenship, subject matter jurisdiction is present only if federal question jurisdiction exists. *See Fax Telecommunicaciones Inc. v. AT & T,* 138 F.3d 479, 486 (2d Cir.1998) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392,

---

1. The federal anti-kickback statute provides, in pertinent part, as follows:

   (b) Illegal remunerations

   (1) whoever knowingly and willfully solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind—

   (A) in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, or

   (B) in return for purchasing, leasing, ordering, or arranging for or recommending purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program,

   shall be guilty of a felony and upon conviction thereof, shall be fined not more than $25,000 or imprisoned for not more than five years, or both.

   42 U.S.C. § 1320a–7b(b)(1). Similarly, subsection (b)(2) prohibits the payment of a kickback to induce another person to refer a patient or to purchase goods or services for which payment may be made pursuant to a federal health care program. *See id.* § 1320a–7b(b)(2).

107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987)). Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that federal district courts shall have original jurisdiction of all civil actions "arising under" the laws of the United States. To determine whether an action "arises under" federal law, a court must inquire, first, "whether federal law creates the cause of action," and if not, then second, "whether that cause of action poses a substantial federal question." *West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 193 (2d Cir.1987); *see Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 53–54 (2d Cir.1996).

■ There is no private cause of action to redress violations of the federal anti-kickback statute, 42 U.S.C. § 1320a–7b(b), the infraction of which is a crime. *See, e.g., West Allis Mem. Hosp., Inc. v. Bowen*, 852 F.2d 251, 254–55 (7th Cir.1988); *American Health Sys., Inc. v. Visiting Nurse Ass'n*, No. Civ. A. 93–542, 1994 WL 314313, at *4–5 (E.D.Pa. June 29, 1994). Certainly, the absence of a private right of action in the statute "counsels against a finding of federal question jurisdiction," *Barbara*, 99 F.3d at 54, and its significance "cannot be overstated," *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 812, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986).

■ Therefore, this Court must next inquire whether plaintiffs' cause of action against the Hospital presents a substantial federal question by looking "to the nature of the federal interest at stake." *West 14th St.*, 815 F.2d at 193 (citing *Merrell Dow*, 478 U.S. at 814 n. 12, 106 S.Ct. at 3236 n. 12); *see Barbara*, 99 F.3d at 54–55. Pursuant to the "well-pleaded complaint" rule, "federal jurisdiction must be found from 'what necessarily appears in the plaintiff's statement of his own claim'" in the complaint. *West 14th St.*, 815 F.2d at 192 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). Accordingly, "a plaintiff as 'master of the complaint' may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action." *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27 (2d Cir.1988) (citing *Caterpillar*, 482 U.S. at 392–93, 107 S.Ct. at 2430). However, "a plaintiff cannot avoid removal by artful pleading, *i.e.*, by framing in terms of state law a complaint the 'real nature of [which] is federal, regardless of plaintiff's characterization.'" *Id.* (quoting *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.1986)).

The amended complaint alleges that Rothman violated his fiduciary duties to the other shareholders by wasting and diverting the company's assets by a variety of methods, including having the company pay $3.75 million to the Hospital pursuant to the Supplemental Agreement. *See* Am. Compl. ¶¶ 63–64. The complaint names the Hospital as a defendant only with respect to the sixth cause of action, which alleges that the payments to the Hospital were "in violation of applicable laws and regulations" and that the Hospital knew that those payments were illegal. *See id.* ¶¶ 75–82. The complaint seeks to have the Hospital account for and turn over all sums received by it pursuant to the Supplemental Agreement, to enjoin the Hospital from receiving similar payments in the future, and to impose punitive damages. *See id.*

Pursuant to New York common law, "a shareholders' derivative action for waste and diversion of corporate assets is a proper vehicle for relief against not only corporate officials, but also third parties who were beneficiaries of their misconduct." 15 N.Y. Jur.2d Business Relations § 1174 (2d ed.1996) (citing *Blank v. Schafrann*, 70 N.Y.2d 887, 519 N.E.2d 288, 524 N.Y.S.2d 377 (1987)); *see also Superintendent of Ins. v. Freedman*, 443 F.Supp. 628, 638 (S.D.N.Y.1977), *aff'd mem.*, 594 F.2d 852 (2d Cir.1978); *Schneider Leasing Plus, Inc. v. Stallone*, 172 A.D.2d 739, 741, 569 N.Y.S.2d 126, 128 (2d Dep't 1991). New York statute similarly authorizes a private

action "[t]o set aside an unlawful conveyance, assignment or transfer of corporate assets, where the transferee knew of its unlawfulness." N.Y. Bus. Corp. Law § 720(a)(2) (McKinney 1999).

In this context, plaintiffs concede that the "applicable laws" violated by the agreement include the federal anti-kickback statute, but they argue that "[t]he obligation to repay these amounts arises under state common law principles" and that "[t]he same principles would apply to payments of any kind which violated applicable law." Pl.'s Mem. Supp. Mot. Remand at 3. *See Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F.Supp.2d 384, 392–93 (S.D.N.Y.1998). In other words, plaintiffs assert that the anti-kickback statute merely gives content to Rothman's fiduciary duty, which is ultimately a creature of New York common law, and that any federal interest in the action is therefore insubstantial. In response, defendants claim that the federal interest is substantial because the resolution of the claim necessarily turns on whether the agreement violates the anti-kickback statute.

The U.S. Supreme Court has emphasized that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. at 3234; *see Barbara*, 99 F.3d at 54. " 'Rather, in determining federal question jurisdiction, courts must make principled, pragmatic distinctions, engaging in a selective process which picks the substantial causes out of the web and lays the other ones aside.' " *Barbara*, 99 F.3d at 54 (quoting *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 570 (2d Cir.1995)); *see Merrell Dow*, 478 U.S. at 813–14, 106 S.Ct. at 3235.

■ Thus, courts have found that removal to federal court is proper where the state action simply provides the vehicle for "the vindication of rights and ... relationships created by federal law." *West 14th St.*, 815 F.2d at 193; *see Fax Telecommun-*

*icaciones,* 138 F.3d at 486; *Derrico,* 844 F.2d at 28; *see also Platzer v. Sloan–Kettering Inst. for Cancer Research,* 787 F.Supp. 360, 366–67 (S.D.N.Y.), *aff'd mem.,* 983 F.2d 1086 (Fed.Cir.1992).

■ On the other hand, courts have consistently "held that when Congress has provided no private right of action under a federal statute, the borrowing of that federal law as a standard of conduct in a state created action is not sufficiently substantial to confer federal question jurisdiction." *West 14th St.,* 815 F.2d at 193. In *Merrell Dow,* for example, the U.S. Supreme Court found that removal was improper where the plaintiffs brought a state tort action to recover for birth defects allegedly caused by drugs ingested by the mother, asserting that the defendant's alleged violation of federal labeling requirements gave rise to a rebuttable presumption of negligence. 478 U.S. at 805–06, 817, 106 S.Ct. at 3231, 3237; *see Greenblatt,* 68 F.3d at 570–71; *see also Eugene Iovine, Inc. v. City of New York,* No. 98 Civ. 2767, 1999 WL 4899, at *5 (S.D.N.Y. Jan.5, 1999); *Box Tree So., Ltd. v. Bitterman,* 873 F.Supp. 833, 837–38 (S.D.N.Y.1995) (no jurisdiction where state libel claim turned on allegation that plaintiff violated federal labor laws); *J.A. Jones Constr. Co. & Daidone Elec. of N.Y., Inc. v. City of New York,* 753 F.Supp. 497, 501 (S.D.N.Y.1990) (no jurisdiction where breach of public works contract turned on interpretation of federal "model clauses" inserted to obtain EPA approval).

■ The present case plainly falls into the latter category of cases. The alleged violation of the federal anti-kickback statute simply informs the inquiry whether Rothman breached his fiduciary duty to LH Radiologists by entering the agreement with the Hospital, much as the alleged violation of the federal labeling statute informed the determination of negligence in *Merrell Dow.* Moreover, contrary to those cases in which a federal statute defined the rights of or relationship between the parties, in this case it is

New York law and not the federal anti-kickback statute that defines the fiduciary relationship between Rothman and LH Radiologists and, by extension, between Rothman and plaintiffs in their capacity as shareholders of LH Radiologists. To the extent New York looks to federal law as a guidepost in assessing a breach of fiduciary duty, therefore, that assessment ultimately remains a creature of ·New York law.

Accordingly, the federal interest in plaintiffs' claim for relief against the Hospital is too insubstantial to support federal question jurisdiction. *See Seinfeld v. Austen,* 39 F.3d 761, 763–65 (7th Cir.1994) (removal of shareholder derivative action was improper where state law breach of fiduciary duty claim was predicated on defendants' alleged violation of federal antitrust laws); *Estate of Ayres v. Beaver,* 48 F.Supp.2d 1335, 1339–40 (M.D.Fla.1999) (removal of state law breach of fiduciary duty claim was improper even though payments turned on state Medicare and Medicaid contracts); *Arvin v. Go Go Investment Club,* No. C 96–3264, 1996 WL 708589, at *3–5 (N.D.Cal. Dec.5, 1996) (dismissing state breach of fiduciary duty claim for lack of jurisdiction even though claim turned on violation of Internal Revenue Code); *United Health Care Servs., Inc. v. Columbia/HCA Healthcare Corp.,* No. Civ. A. 95–1855, 1995 WL 622915, at *1 (E.D.Pa. Oct.16, 1995) (dismissing state fraud and breach of warranty claims for lack of jurisdiction even though claims turned on interpretation of federal anti-kickback statute).

The cases the Hospital relies upon are not to the contrary. For example, in *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), the plaintiff sought to enjoin corporate officers from investing corporate funds in bonds issued by federal land banks on the grounds that the act authorizing their issue was unconstitutional and the investment was therefore unlawful under Missouri law. *See West 14th St.,* 815 F.2d at 192. Removal was proper because the constitutional issue had to be decided as an element of the state law claim. *See id.* The Supreme Court in *Merrell Dow* explained, however, that the attack in *Smith* on the constitutionality of a federal statute inevitably magnified the federal interest at stake, as distinct from the situation where "the violation of the federal standard as an element of state tort recovery [does] not change the state tort nature of the action." 478 U.S. at 814 n. 12, 106 S.Ct. at 3235 n. 12 (reconciling *Smith* with *Moore v. Chesapeake & Ohio R. Co.,* 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934)).

The Hospital also contends that the federal interest in this dispute is substantial both because application of the anti-kickback statute under these facts would effect a significant federal intrusion into "areas historically subject to state regulation," and because "resolution of this dispute will impact the federal reimbursement of health care expenses nationwide." Def.'s Mem. Opp. Mot. Remand at 6. To the extent the Hospital contends that removal is proper because of the preemptive effects of the anti-kickback statute or of federal common law, removal based on federal preemption is available only where "Congress has clearly manifested an intent to disallow state law claims in a particular field." *Marcus v. AT&T Corp.,* 138 F.3d 46, 53–54 (2d Cir.1998) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987)); *see also Box Tree South, Ltd. v. Bitterman,* 873 F.Supp. 833, 837–38 (S.D.N.Y.1995). However, the Hospital has failed to demonstrate any such clear congressional intent. *See Gilman v. BHC Secs., Inc.,* 104 F.3d 1418, 1421 (2d Cir. 1997) (party asserting federal jurisdiction bears burden of demonstrating case is properly in federal court).

## CONCLUSION

Accordingly, because there is no substantial federal question involved, plaintiffs' motion to remand the action to New

York Supreme Court pursuant to 28 U.S.C. § 1447(c) is hereby granted.

SO ORDERED.