**Timothy ROBERSON and Gwendolyn A. Roberson, for themselves and as representatives of a class, Plaintiffs,**

v.

**MEDTRONIC, INC.; Medtronic Sofamor Danek USA, Inc.; Michael F. Demane; Todd N. Sheldon; Greg Sellers; Jeff Moore; Mike Harrah; Laurence Fairey; Ron Picard; Ted Bird; Hank Pellegrin; Lisa Buckler; David Miller; Robert A. Comptom; Kevin Foley; Claudio Feler; Maurice M. Smith; and Semmes–Murphey Clinic, a Professional Corporation, Defendants.**

No. 04–2183 D/P.

United States District Court, W.D. Tennessee, Western Division.

April 23, 2007.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

DONALD, District Judge.

Before the Court are Defendants' motions (D.E. ## 6, 10) to dismiss the above-captioned case, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs assert that Defendants entered into a nationwide conspiracy "for the purpose of monopolizing the sale [ ] and controlling the prices" of medical equipment, in violation of the Tennessee Consumer Protection Act, Tenn.Code Ann. § 47–25–101; the Federal Anti–Kickback Act, 42 U.S.C. 1320a–7b; the Sherman Antitrust Act, 15 U.S.C. §§ 1–7; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–68.[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. For the following reasons, the Court grants Defendants' motions to dismiss.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to file a motion to dismiss for a plaintiff's failure to state a claim upon which relief can be granted. Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when no set of facts exists which would entitle the plaintiff to recover. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial re-

sources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). If an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir.1991).

A district court may not grant a defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss based on its disbelief of the plaintiff's factual allegations. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394 (6th Cir.1997), *cert. denied, Murphy v. Sofamor Danek Group*, 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). It is not the court's function to weigh evidence or evaluate the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). A court will not consider any disputed questions of fact at this stage. *Barnes v. Winchell*, 105 F.3d 1111, 1114 (6th Cir.1997). Rather, the court should accept all well-pleaded facts as true and not consider matters outside the pleadings. *Hammond*, 866 F.2d at 175.

The United States Supreme Court has held that "a complaint should not be dis-

---

1. Claims of conspiracy in violation of the above referenced federal and state statutes are all contained in Count I of the complaint. Counts II and III of the complaint are vaguely worded accusations of "misrepresentation," and do not set forth any clearly discernible causes of action. While Fed.R.Civ.P. 8 requires only a "short and plain statement of the claim" and "simple, concise, and direct" allegations, Counts II and III fail to satisfy even these minimal requirements and do not provide Defendants with fair notice of their alleged misconduct in order to prepare an appropriate responsive pleading. Accordingly, the Court will not consider Counts II and III in its ruling on the instant motions to dismiss.

missed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis,* 135 F.3d at 405 (6th Cir.1998). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## II. FACTUAL BACKGROUND[2]

On July 7, 2000, Defendant Kevin T. Foley, M.D., an employee of the Semmes–Murphey Clinic, advised Plaintiff Timothy Roberson that he had a ruptured disc. (Compl.¶ 31.) Dr. Foley recommended that Mr. Roberson allow Dr. Foley to purchase for him the TSRH Spinal System, manufactured by Defendants Medtronic, Inc. and/or Medtronic Sofamor Danek USA, Inc. (collectively "Medtronic"), to fuse his back. *Id.* ¶¶ 30, 34. Mr. Roberson contends that Dr. Foley's diagnosis of a ruptured disc was false. *Id.* ¶ 31. Mr. Roberson further contends that the use of the Medtronic device was not needed and did not meet the FDA and Medtronic criteria for its use. *Id.* ¶ 30.

Plaintiffs allege that Dr. Foley's misrepresentations were part of a conspiracy created by Medtronic to monopolize the sale of medical devices and to control the prices thereof by inducing physicians, in Tennessee and nationwide, to exclusively purchase, order for, or recommend to their patients, Medtronic devices, including the TSRH Spinal System. (Compl.¶¶ 26–29.) The alleged conspiracy involved overt acts by Medtronic, which included paying for travel, resort/hotel accommodations, recreation activities, and car rentals for physicians and their families, and paying physicians for unearned commissions, royalties and consulting contracts. *Id.* ¶ 26.

## III. PROCEDURAL BACKGROUND

On November 13, 2006, Plaintiffs filed the instant complaint in Shelby County Circuit Court, on behalf of themselves and as representatives of a class of persons injured as a result of the alleged conspiracy, against Medtronic, Inc., Medtronic Sofamor Danek USA, and their employees Michael DeMane, Todd Sheldon, Greg Sellers, Jeff Moore, Mike Harrah, Laurence Fairey, Ron Picard, Ted Bird, Hank Pellegrin, Lisa Buckler, David Miller, and Robert Compton (collectively, "the Medtronic Defendants"); and Semmes–Murphey Clinic and its employees Kevin Foley, M.D., Claudio Feler, M.D., and Maurice Smith, M.D. (collectively, "the Semmes–Murphey Defendants"). On December 22, 2006, Defendants removed the case to federal court on federal question and Class Action Fairness Act grounds.

On December 28, 2006, Plaintiff filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41, attempting to excise from the complaint all federal and class action issues. On January 3, 2007, Defendants filed objections to Plaintiffs' notice of voluntary dismissal on grounds that "Rule 41(a) provides for the dismissal of 'actions,' not individual allegations or claims." (Def.'s Resp. Pl.'s Notice Voluntary Dismissal 1.)

---

2. The complaint's "Statement of Fact" consists chiefly of legal citations and conclusions of law and very little in the way of factual detail. The few factual allegations provided by Plaintiffs are summarized herein and are presumed to be true for purposes of the instant motion only.

Also on January 3, 2007, the Medtronic Defendants filed their answer to Plaintiffs' complaint and moved to dismiss the complaint pursuant to Rule 12(b)(6). On January 4, 2007, the Semmes–Murphey Defendants filed their own answer and motion to dismiss. In their motion to dismiss, the Semmes–Murphey Defendants adopted and incorporated the arguments of the Medtronic Defendants' motion to dismiss. They also argued that any medical malpractice claims by Plaintiffs are barred by the statute of repose provided under Tennessee medical malpractice law.[3]

On January 10, 2007, Plaintiffs, in apparent response to the aforementioned objections raised by Defendants and prior to any ruling by the Court on their first notice, filed a second notice of voluntary dismissal without prejudice as to the entire complaint. Defendants objected on grounds that Plaintiffs had failed to seek or obtain Defendants' consent to the dismissal as required after a defendant has answered under Fed.R.Civ.P. 41(a).

In a status conference held on February 1, 2007, this Court affirmed Defendants' reading of Rule 41, finding Plaintiffs' second notice of dismissal improper and declaring its intention to rule on the merits of Defendants' 12(b)(6) motion to dismiss.[4]

## IV. ANALYSIS

### A. Injury

Defendants argue that all of Plaintiffs' claims should be dismissed because personal injury is not cognizable under any of the statutes relied upon in Plaintiffs' complaint. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 4.) Defendants support this argument with the assertion that the "only injury alleged here is the bodily physical injury that Roberson purportedly suffered as a result of surgery," citing paragraphs 33 and 34 of the complaint. *Id.*

The Court has reviewed the cited paragraphs and finds Defendants' assertion as to the nature of Plaintiffs' injury unsubstantiated. In fact, the complaint offers little clue as to the type of injury Plaintiffs are claiming. Paragraph 33 of the complaint states that "[a]s a direct, proximate, factual, and legal result [of Dr. Foley's misrepresentation regarding the need for Medtronic's medical device], Mr. Roberson was injured." Similarly, paragraph 34 states that "[a]s a result of Mr. Roberson's reliance upon the truth of [Dr. Foley's] representation, Mr. Roberson was injured." Other than placing a $10 million dollar value on the "injuries and damages suffered by Timothy J. Roberson", (Compl.12), there is no information in the complaint as to the nature or extent of Mr. Roberson's alleged injuries or how they occurred.[5] Since bodily harm, pain and suffering, medical expenses, and lost earnings are all types of injury that might conceivably result from the wrongdoing Plaintiffs allege, Defendants' general conclusion that Plaintiffs have suffered only "personal, non-economic" harm, (Mem. Supp. Medtronic Defs.' Mot. Dismiss 5), is

---

3. The Court finds that Plaintiff has not stated a discernible medical malpractice claim. Consequently, the Court will not discuss this argument by the Semmes–Murphey Defendants.

4. Given that the motions to dismiss of the Medtronic and Semmes–Murphey Defendants are virtually identical, the Court will treat the two motions as one for the purposes of this order and will hereinafter refer to the two groups of defendants collectively as "Defendants."

5. The complaint also seeks $2 million for Plaintiff Gwendolyn Roberson's injuries, although the complaint contains no additional mention of Ms. Roberson, her involvement in the case, or the nature of her injury.

premature and unsupported by the language of the complaint.

### 1. Tennessee Consumer Protection Act (TCPA)

■ Plaintiffs allege violation of the Tennessee Consumer Protection Act, Tenn.Code Ann. § 47–18–101, *et seq.* (Compl.¶ 32.) Defendants counter that the TCPA does not provide a private right of action for the type of injury claimed by Plaintiffs. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 8–9.)

Tenn.Code. Ann. § 47–18–109(a)(1) provides that

Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

As noted *supra,* Plaintiffs have not specified whether their injuries are bodily, psychological, or pecuniary, or a combination thereof. Since an action for pecuniary damage, i.e., "an ascertainable loss of money," is available under § 47–18–109, dismissal on grounds that the TCPA does not cover the type of injury claimed is inappropriate.

■ Defendants further assert that Plaintiffs' claim is invalid because medical malpractice claims cannot be brought under the TCPA. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 9.) Defendants cite *Constant v. Wyeth*, 352 F.Supp.2d 847 (M.D.Tenn.2003), for the proposition that "medical malpractice claims may not be recast as consumer protection act claims." *Id.* However, the *Constant* court made clear that physicians are not immune from TCPA claims and that "allegations of unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of the entrepreneurial, commercial, or business aspect of a physician's practice" may properly be brought under the TCPA. *Constant,* 352 F.Supp.2d at 854 n. 10 (citation omitted).

Applying this concept to the case at hand, the Court concludes that Plaintiffs' allegations against Dr. Foley, and his alleged co-conspirators, implicates Dr. Foley's business practices rather than his medical services, specifically his inducement of Mr. Roberson to buy a medical device he did not need. Accordingly, the Court finds dismissal of Plaintiffs' TCPA claim on this ground to also be inappropriate.

■ Finally, Defendants argue that Plaintiffs' TCPA claim should be dismissed because the claim is based on allegations of antitrust violations which do not fall within the scope of the TCPA. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 9.) Defendants base their argument on a Tennessee Court of Appeals decision, *Sherwood v. Microsoft Corp.*, No. M20000–01850–COA–R9–CV, 2003 WL 21780975, at *33 (Tenn.Ct.App. July 31, 2003), holding that "claims based upon anticompetitive conduct are not cognizable under the TCPA."

While Plaintiffs do allege a "conspiracy to attempt to monopolize the sale of medical devices and to control the prices thereof," (Compl.¶ 26), the alleged deception by Dr. Foley, which is at the heart of Plaintiffs' complaint, is quite independent of any anticompetitive effect resulting from the alleged conspiracy. Consequently, the Court disagrees with Defendants' basic premise that Plaintiffs' TCPA claim is "based upon" anticompetitive conduct. Accordingly, the Court finds Defendants' argument unavailing and the case law cited by Defendants to be inapplicable to the claim at issue. Thus, the Court rejects

dismissal of Plaintiffs' TCPA claim on "anticompetitive injury" grounds.

### 2. Antitrust Violations

■ Plaintiffs allege violation of the Tennessee Antitrust Act, Tenn.Code Ann. § 47–25–101, and the Sherman Antitrust Act, 15 U.S.C. §§ 1–7. (Compl.¶ 32.) Defendants counter that to bring an antitrust suit Plaintiffs must not only allege antitrust violations, but also must assert an injury to the Plaintiffs' business or property flowing from the alleged antitrust violations. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 5.) Defendants maintain that since Plaintiffs only allege "personal bodily harm," they lack standing to bring federal or state antitrust law claims. *Id.* The Court has rejected *supra* Defendants' premise that Plaintiffs have alleged only bodily harm. Consequently, the Court finds that dismissal on such basis is unwarranted.

Defendants further argue that dismissal is appropriate because Plaintiffs' alleged injuries do not flow from the alleged anticompetitive behavior. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 6.) Citing Supreme Court precedent, Defendants assert that, to be cognizable, an antitrust claim must assert injury "of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Id.* (quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat*, 429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977)).

According to the Supreme Court, merely alleging violations of the antitrust laws is not enough to sustain a private antitrust claim. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 529, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Plaintiff must also establish antitrust injury. *Id.* The Court has explained that the "antitrust injury requirement ensures that a plaintiff can recover only if the loss stems from a *competition-reducing* aspect or effect of the defendant's behavior." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990) (emphasis added).

Plaintiffs allege that Dr. Foley, induced by the favors extended by Medtronic to participating doctors, misdiagnosed Plaintiff and persuaded him to authorize the purchase of medical equipment which was not needed. Again, the Court is confronted with the ambiguity as to the nature of Plaintiffs' injury. If the injury is solely bodily in nature, then the Court would have to conclude that such injury is unrelated to "competition-reducing aspects" of the alleged conspiracy. On the other hand, if Plaintiffs' injury is pecuniary, and such pecuniary loss stems from Medtronic's inducement of Dr. Foley to favor its products over those of its competitors, then such loss would arguably fall within the ambit of the antitrust statutes.

At this juncture the Court lacks the necessary information to determine whether Plaintiffs have a viable antitrust claim. Accordingly, the Court finds that dismissal on the basis of lack of "antitrust injury" is inappropriate at this time.

### 3. Federal Anti–Kickback Act

■ Plaintiffs allege violation of the Federal Anti–Kickback Act, 42 U.S.C. § 1320a–7b. (Compl.¶ 32.) Defendants argue that the anti-kickback statute is a criminal statute, and provides no private right of action. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 10.)

The language of the statute and relevant case law support Defendants' position that the Anti–Kickback Act provides only criminal penalties for its violation and provides no private right of action. *See West Allis Memorial Hosp., Inc. v. Bowen*, 852 F.2d 251, 255 (7th Cir.1988); *United States ex*

*rel. Barrett v. Columbia/HCA Health Care Corp.,* 251 F.Supp.2d 28, 37 (D.D.C.2003); *Donovan v. Rothman,* 106 F.Supp.2d 513, 516 (S.D.N.Y.2000). Accordingly, the Court grants Defendants motion to dismiss Plaintiffs' Anti–Kickback Act claims for failure to state a claim upon which relief can be granted.

#### 4. Racketeer Influenced and Corrupt Organizations Act (RICO)

Plaintiffs allege violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68. (Compl.¶ 32.) Defendants respond with their now familiar argument that Plaintiffs lack standing to seek remedy under RICO because they have alleged only personal injuries. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 7.)

■■ Damages under RICO are generally measured by the harm resulting from the predicate acts of the offenders. *Fleischhauer v. Feltner,* 879 F.2d 1290, 1299 (6th Cir.1989). Recovery for physical injury or mental suffering is not allowed under RICO because it is not an injury to business or property. *Id.* at 1300. However, as the Court has noted, it is unsettled whether Plaintiffs allege property damage as well as bodily harm.

Consequently, dismissal on this basis of this argument is inappropriate.

Defendants further argue that Plaintiffs' RICO claims fail because they contain no allegation of a cognizable predicate act under RICO. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 8.) Defendants note that the only predicate act alleged in the complaint is "Defendants' violation of the Sherman

Antitrust Act." (Mem. Supp. Medtronic Defs.' Mot. Dismiss 8.) (quoting Compl. ¶ 21). Because a violation of antitrust law is not a predicate act under RICO, Defendants argue, Plaintiffs' claim must fail.

■ The language of the RICO statute and relevant case law support Defendants' position that antitrust violations are not RICO predicate acts. *See Jennings v. Emry,* 910 F.2d 1434, 1438 (7th Cir.1990); *Prince Heaton Enterprises, Inc. v. Buffalo's Franchise Concepts, Inc.,* 117 F.Supp.2d 1357, 1363 (N.D.Ga.2000). Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' RICO claims.

### B. Statutes of Limitation and Repose

In addition to the foregoing arguments as to why Plaintiffs' claims are not cognizable, Defendants further argue that the claims are time barred because they were filed more than six years after Plaintiffs' alleged injuries. (Mem. Supp. Medtronic Defs.' Mot. Dismiss 11.) Plaintiffs do not address the issue of statutes of limitations or repose in the complaint, nor have they filed a response to Defendants' assertions.[6]

#### 1. Tennessee Consumer Protection Act (TCPA)

Tenn.Code Ann. § 47–18–110 provides that

> Any action commenced pursuant to § 47–18–109[7] shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47–18–109 be brought more than five (5) years

---

**6.** In the February 1, 2007 status conference, Plaintiffs' counsel stipulated that its presentation in that hearing was to serve as response to Defendants' motion to dismiss. Plaintiffs' counsel did not respond to Defendants' statute of limitations/repose assertions in that hearing.

**7.** Tenn.Code Ann. § 47–18–109 is the provision of the TCPA providing for a private cause of action for unfair or deceptive acts or practices. Although not specifically mentioned in the complaint, it is the provision under which Plaintiff presumably makes her TCPA claim.

after the date of the consumer transaction giving rise to the claim for relief. The Tennessee Supreme Court has interpreted statutes of repose like § 47–18–110's five-year limit as "absolute time limit[s] within which action must be brought." *Penley v. Honda Motor Co., Ltd.,* 31 S.W.3d 181, 184 (Tenn.2000).

 The statute of repose in the TCPA runs from the date of the relevant consumer transaction. *See Bolden v. Aames Funding Corp.,* No. 03–2827, 2005 WL 948592, *4 (W.D.Tenn. Feb.25, 2005). Because Plaintiffs filed their complaint well over five years from the July 7, 2000 and August 16, 2000 transaction dates cited by Plaintiffs, the Court must conclude that Plaintiffs' TCPA claims are time barred. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' TCPA claims.

## 2. Antitrust Violations

 The Clayton Act provides in pertinent part that "[a]ny action to enforce any [federal antitrust] cause of action [ ] shall be forever barred unless commenced within four years after the cause of action accrued," 15 U.S.C. 15b (2000), "plus any additional number of years during which the statute of limitations was tolled." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Generally, a cause of action under federal antitrust laws accrues when the defendant commits an act which injures the plaintiff's business. *Id.* In the context of an ongoing conspiracy to violate the antitrust laws, the cause of action accrues anew each time the plaintiff is injured. *Id.*

Plaintiffs set forth two dates on which injury is alleged to have occurred: July 7, 2000 and August 16, 2000. Both of these dates fall outside the statutory period. Since the complaint was filed well beyond the statutory deadline and Plaintiffs have presented no argument as to why the limi-

tation period should commence on a different date or why the statute of limitations should be tolled, the Court finds Plaintiffs' federal antitrust claims time barred. Accordingly, Defendants' motion to dismiss Plaintiffs' federal antitrust claims is granted.

## 3. Racketeer Influenced and Corrupt Organizations Act (RICO)

 While RICO does not provide an express statute of limitations for actions brought under its civil enforcement provision, the Supreme Court has concluded that the appropriate statute of limitations to be applied in RICO actions is the four-year statute of limitations applicable to Clayton Act civil enforcement actions. *Agency Holding Corp. v. Malley–Duff Associates, Inc.,* 483 U.S. 143, 147, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). "[A] civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." *Agristor Financial Corp. v. Van Sickle,* 967 F.2d 233, 241 (6th Cir.1992).

Plaintiffs' complaint does not raise the issue of when their injuries were discovered, nor have they filed a response to Defendants' statute of limitations argument. As the Court has previously noted, the complaint was filed well beyond the statutory deadline and Plaintiffs have presented no argument as to why the statutory period should commence on a different date or why the statute of limitations should be tolled. Consequently, in addition to its conclusion that Plaintiffs have not made a cognizable RICO claim, the Court further concludes that Plaintiffs' federal RICO claims are time barred.

## V. CONCLUSION

For the reasons stated herein, the Court concludes that Plaintiffs' claims against

Defendants are either invalid or time barred. Accordingly, the Court **GRANTS** Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS SO ORDERED.**